### JACQUES *a.* GREENWOOD.

*New York Common Pleas; Special Term, January,* 1855.

#### ENTRY OF JUDGMENT.—JOINT DEBTORS.

Where several defendants are sued on a joint liability, there can only be a joint recovery and judgment; and no judgment can be entered by plaintiff, until all the defendants served have had the full time to answer.

Where a joint answer of two defendants was served after the time for answering by one of them had expired, and the plaintiff's attorney returned it, waited until the time of the other defendant had also expired, and then entered judgment:— *Held,* that the judgment was regular.

Motion to set aside judgment.

The action was upon a promissory note made by the defendants, Greenwood and Brewster, in their firm name of Greenwood & Co. On the last day for answering by the defendant Greenwood, which was the day after the defendant Brewster's time expired, towards the latter part of the afternoon, the attorney of both the defendants, served a joint answer by both of them. The plaintiff's attorney returned it, with written notice that he could receive no answer from Brewster, his time having expired. The next day he entered the judgment which was now sought to be set aside.

*J. A. Stoughtenburgh,* for the motion.

*W. R. Stafford,* opposed.

Jacques *a.* Greenwood.

INGRAHAM, F. J.—In an action against joint debtors, the time to answer had expired as to one defendant, but not as to the other. The defendants' attorney served an answer as to both, which was returned by the plaintiff's attorney, and on the same day judgment was entered up against both defendants. A motion is now made to set aside the judgment.

The practice of entering up judgment against two joint debtors on the default of one, before the time for answering on the part of the other defendant had expired, cannot be approved. The right to take judgment against one defendant on default, before the other has answered or made default, only applies to cases where a several judgment is proper, and cannot authorize a judgment against both defendants, even so far as to affect only partnership property. But where the liability is only a joint liability, there can only be a joint recovery and judgment, and no judgment can be entered up until all the parties served have had the full time to answer. The 136th section of the Code lays down the practice very clearly, where it says, if all the defendants have been served, judgment may be taken against them severally, when the plaintiff would have been entitled to judgment if the action had been against such defendants alone. If the action be against defendants jointly liable, the plaintiff may proceed against the defendant served, and Justice Parker's comments on this section in Mechanics and Farmer's Bank *v.* Rider, (5 *How. Pr. R.*, 401), show that this judgment is irregular.

I would deny this motion if I could consistently with the provisions of the Code, because it is apparent to me that the answer is evidently put in for delay, and in some respects must be false. The answer admits the making of the note by the defendants as partners, to the payee, and denies any knowledge or information sufficient to form a belief as to the other allegations of the complaint. One allegation is that the defendants have not paid the note, and it can hardly be believed that the defendants have not information or knowledge sufficient to form a belief whether they have paid such note or not. The other allegations which are denied are the indorsement by the payee, and that the plaintiffs are the lawful holders of the note. Of both these facts the defendants could

have satisfied themselves with much less trouble than they could have made and sworn to such an answer.

The plaintiff's attorney was right in returning the joint answer of the defendants after the time for pleading by Brewster had expired, and as he had waited until the time for the other defendant to answer had also expired, his judgment is regular. This motion is denied, with leave to defendants to renew motion on papers disclosing the defence they intend to set up to the plaintiff's claims. The costs of this motion to remain until renewed motion is decided.