## New York Marine Court.

*Special Term—January,* 1877.

## FRANCIS S. KINNEY *against* HENRY W. BEL-CHER, NOEL R. PARK, and JAMES H. BELCHER.

Judgments against joint debtors, when and how to be entered. The practice, stated.

McADAM, J.—This action is brought against the defendants, as partners, upon an alleged joint indebtedness for goods sold and delivered. The summons and complaint were served upon Henry W. and James H. Belcher, two of the defendants, on December 20, 1876, and on the 26th of that month they interposed a defense in due form. On December 23, 1876, the plaintiff caused a copy of the summons and complaint to be served upon the third defendant, Mr. Park, and upon his failure to answer, judgment· in form against all of the defendants as joint debtors was entered on December 30, 1876. The plaintiff claims the right to enforce this judgment against the joint property of all the defendants, and the separate property of Park, the one in default, under section 136 of the Code. That section provides that "where the action is against two or more defendants, and the summons is served on one or more of them, but not all of them;" the plaintiff may proceed in the manner thereafter directed. The distinction which the plaintiff fails to observe is, that in .the present case all of the defendants were served with process, and subdivision 1 of section 136, has not for that reason any application to the point under consideration. The case of Jacques *v.* Greensward (1 *Abb. Pr.* 230), bears upon the question to be decided. It

was there held that where several defendants are sued on a joint liability, there can only be a joint recovery and judgment, and that no judgment can be legally entered by the plaintiff until all the defendants served have had full time to answer (see also Niles *v.* Battershall, 2 *Robt.* at p. 152 ; Brown *v.* Richardson, 4 *Id.* at p. 603). At common law no judgment could be rendered against joint debtors until all were brought into court, or until those who were not brought into court should be outlawed by proceedings for that purpose (Leggatt *v.* Boyd, 6 *Wend.* at p. 501),* and the action could not be severed as to joint contractors, and the plaintiff was not allowed to enter judgment against one until he was entitled to judgment against all (Bank of Genesee *v.* Field, 19 *Wend.* at p. 644). The statute has modified this rule (1 *R. L.* p. 521, § 13; 1833, chap. 271, § 3 ; 2 *R. S.* 299, 2nd ed. ; *Code*, § 136), but the change does not embrace any provision authorizing the practice followed by the plaintiff. Two of the joint debtors served with process have interposed a defense, and the plaintiff must dispose of the issue raised by their answer before he is entitled to judgment. If successful, the judgment recovered must be entered against all of the defendants, the same as if all had defended (Brown *v.* Richardson, *supra*).

The judgment already entered being irregular, for the reasons aforesaid, it follows that the defendants' motion to set it aside must be granted, with $10 costs.

* The old practice (now obsolete) in regard to outlawry, will be found in the first volume of *Dunlap's N. Y. Practice*, page 141. See also *Bouvier's Dic.*, title Outlawry.